No. 13567

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA ex rel. THE
BOARD OF PERSONNEL APPEALS,

Relators,

-vs-

THE DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF MISSOULA, and THE HON.
JACK L. GREEN, Presiding Judge,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relators:

Jerry L. Painter argued, Helena, Montana

For Respondents:

Patterson, Marsillo, Harris and Tornabene,
Missoula, Montana
Charles J. Tornabene argued, Missoula, Montana

---

Submitted: October 28, 1976

Decided: NOV 23 1976

Filed: NOV 23 1976

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding wherein relators seek an appropriate writ to review an order of October 6, 1976, entered by the respondent court in a cause pending in said court entitled: "Roger E. Bergmeier, Petitioner, vs. The Montana State Board of Personnel Appeals; Brent Cromley, Chairman of said Board; the Montana State Department of Administration; Jack C. Crosser, Director of said Department; and the Montana State Department of Natural Resources and Conservation, Gary Wicks, Director of said Department, Respondents." Upon the filing of the application counsel was heard ex parte and the matter taken under advisement. Thereafter an order was issued for an adversary hearing. Such hearing has now been held, briefs filed, counsel heard in oral argument, and the matter submitted.

It appears that relators object to the order above referred to because they contend it is contrary to section 82-4209, R.C.M. 1947.

The facts as disclosed by the record before us is that Bergmeier, a state employee, appealed his wage classification. Being dissatisfied with the decision of the Board of Personnel Appeals he petitioned the district court for a judicial review as provided in section 82-4216, R.C.M. 1947. Subdivision (4) of that section provides:

> "(4) Within thirty (30) days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record."

Section 82-4209, R.C.M. 1947, provides in subsection (5):

"(5)   The record in a contested case shall
include:

"(a)   All pleadings, motions, intermediate
rulings.

"(b)   All evidence received or considered, in-
cluding a stenographic record of oral proceed-
ings when demanded by a party.

"(c)   A statement of matters officially noticed.

"(d)   Questions and offers of proof, objections,
and rulings thereon.

"(e)   Proposed findings and exceptions.

"(f)   Any decision, opinion or report by the
hearing examiner or agency member presiding at the
hearing.

"(g)   All staff memoranda or data submitted to
the hearing examiner or members of the agency
as evidence in connection with their consideration
of the case."

Subsection (6) of the same section provides:

"(6)   The stenographic record of oral proceedings
or any part thereof shall be transcribed on request
of any party.   Unless otherwise provided by statute,
the cost of the transcription shall be paid by the
requesting party."

The Board did not transmit the record within the 30 days
set by law, nor furnish a transcription of the stenographic
record, but did file with the district court a tape recording.
Prior to the issuance of the order of October 6, the district
court had issued an order to show cause to the executive director
of the Board requiring him to show cause why he should not pro-
duce the record of the oral proceedings before the Board.

At the show cause hearing the Board contended it could
not afford to supply a transcript.   Following the hearing the
court entered the following order:

"In the above entitled action, the hearing to
show cause why Robert R. Jensen, Administrator,
Board of Personnel Appeals, should not be ordered
to produce the written transcript of the above
entitled administrative proceedings, having come

- 3 -

before this Court, and the Court having duly considered the same;

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Board of Personnel Appeals provide this Court with a written transcript of the oral proceedings before the Board of Personnel Appeals in the above entitled case."

The Board argues that the court has shifted the responsibility of paying for the transcript from the parties involved in the proceeding, placing it upon the Board holding the hearing. However, the court's order makes no provision for payment, it merely provides that a written transcript of the oral proceedings be furnished, all as required by the statutory law.

In this situation the relief sought is denied and the proceeding is ordered dismissed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -